**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MPM SILICONES, LLC,<br><br>*Plaintiff*,<br>v.<br><br>UNION CARBIDE CORPORATION,<br><br>*Defendant*. | No. 1:11-CV-1542 LEK/ATB<br><br>**UNION CARBIDE CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendant Union Carbide Corporation ("UCC"), by and through its attorneys, Beveridge & Diamond, P.C., hereby answers Plaintiff MPM Silicones, LLC's ("MPM") Complaint as follows:

## NATURE OF THE ACTION

1. Inasmuch as the allegations in Paragraph 1 characterize the nature of the action commenced by MPM and describe the relief sought by MPM, the allegations do not require a response. To the extent a response is required, UCC denies the allegations in Paragraph 1 and denies that MPM is entitled to the relief it seeks.

2. Inasmuch as the allegations in Paragraph 2 characterize the nature of the action commenced by MPM and describe the relief sought by MPM, the allegations do not require a response. To the extent a response is required, UCC denies the allegations in Paragraph 2 and denies that MPM is entitled to the relief it seeks.

## PARTIES

3. UCC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. UCC admits that it is a New York corporation but denies that its principal place of business is located at 1254 Enclave Parkway, Houston, Texas 77077.

**JURISDICTION AND VENUE**

5. The allegations of Paragraph 5 are conclusions of law that require no response.

6. The allegations of Paragraph 6 are conclusions of law that require no response.

7. UCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. UCC admits the allegations in the first sentence of Paragraph 8. UCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 8.

9. UCC admits that it owned and operated the Sistersville Site as a chemical manufacturing plant and that it produced silanes and silicones. UCC also admits that it sold the facility in 1993. UCC lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9.

10. UCC admits that it used or produced various substances at the Sistersville Site, including some of the chemicals listed in subparts a through p of Paragraph 10, but is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding each specific substance listed. UCC further states that the characterization of the listed substances as "hazardous" is a conclusion of law to which no response is required, and to the extent a response is required, UCC denies these allegations. UCC denies all allegations in this paragraph that it has not expressly admitted.

11. UCC denies the allegations in Paragraph 11.

12. UCC admits the allegations in the first sentence of Paragraph 12. UCC denies the allegations in the second sentence of Paragraph 12.

13. UCC admits that it submitted a 1981 Notice of Hazardous Waste Site form to the United States Environmental Protection Agency ("EPA") but denies the characterization of the form; the document speaks for itself and is the best evidence of its content. UCC further denies that it had any duty to report the presence of PCBs to EPA or West Virginia under CERCLA and denies as well the allegation that it did not disclose the presence of PCBs to EPA or West Virginia regulators. UCC also denies that it had "internally determined that PCBs were the contaminant of greatest concern." The remaining allegations in Paragraph 13 are conclusions of law to which no response is required, and to the extent that a response is required, UCC denies these allegations.

14. UCC admits that it sold the Sistersville Site in 1993, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. UCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies them.

16. UCC admits that it has not paid MPM any monies for the costs MPM alleges it has incurred, but denies that it has any legal duty to do so. UCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and therefore denies them.

17. UCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

18. UCC admits that it was issued a RCRA Part B Permit, but the permit speaks for itself and is the best evidence of its content. Therefore, UCC denies MPM's attempt to summarize or characterize the permit as alleged in Paragraph 18.

19. UCC admits that it disposed of certain wastes in Landfill No. 2 located at the Sistersville Site, and further admits that it originally constructed Landfill No. 2 and operated the landfill during its ownership of the Sistersville Site pursuant to a federal permit. With respect to the allegations in the third sentence, UCC admits that it has rejected MPM's demand to pay for closure costs related to Landfill No. 2 but denies that UCC is responsible for any share of those closure costs. MPM knew of the existence of Landfill No. 2 when it took ownership of the Sistersville Site and of its obligation as the owner and operator of the facility to comply with regulatory closure requirements applicable to the landfill. UCC is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20. UCC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20, and therefore denies them. UCC admits the allegations in the second sentence of Paragraph 20 and further states that UCC has no responsibility for these costs incurred by MPM.

## COUNT I—RECOVERY OF COSTS UNDER CERCLA § 107(a)

21. UCC incorporates by reference herein its responses to Paragraphs 1 through 20 of the Complaint.

22. The allegations in Paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

23. The allegations in Paragraph 23 state conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

**COUNT II—RIGHT TO CONTRIBUTION UNDER CERCLA § 113(1)**

Pursuant to the Court's Order dated March 18, 2013, Count II has been dismissed. Therefore, no response is required to Paragraphs 24-26 of the Complaint.

**COUNT III—DECLRARATORY RELIEF AS TO FUTURE COSTS UNDER CERCLA § 113(g)(2)**

27. UCC incorporates by reference herein its responses to Paragraphs 1 through 26 of the Complaint.

28. The allegations in Paragraph 28 state conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

29. The allegations in Paragraph 29 state conclusions of law to which no response is required.

30. UCC denies that MPM is entitled to the relief sought in Paragraph 30, and states that the remaining allegations are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

**COUNT IV—NEGLIGENCE**

31. UCC incorporates by reference herein its responses to Paragraphs 1 through 30 of the Complaint.

32. UCC states that the allegations in Paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

33. UCC denies that it "unreasonably and illegally" used, handled, stored, disposed of, and/or released hazardous substances at the Sistersville Site, that it failed to report the

storage, disposal, and release of any such hazardous substances that was required by law, or that it failed to take reasonable precautions necessary to avoid any alleged releases of hazardous substances at the Sistersville Site. UCC further states that the allegations in Paragraph 33 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

34. UCC denies that it "deliberately concealed" any alleged "disposal and release of PCBs at the Sistersville Site" or that it "deliberately concealed" any alleged "dangers posed to human and [sic] health and the environment by that disposal and release." UCC further states that the allegations in Paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

35. The allegations contained in Paragraph 35, including subparts a through f, are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

36. UCC denies any and all factual allegations in Paragraph 36. The remaining allegations contained in Paragraph 36 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

37. The allegations contained in Paragraph 37 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

38. The allegations contained in Paragraph 38 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations, including MPM's entitlement to the relief sought.

**COUNT V**

39. UCC incorporates by reference herein its responses to Paragraphs 1 through 38 of the Complaint.

40. The allegations contained in Paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

41. The allegations contained in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

42. The allegations contained in Paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

43. The allegations contained in Paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

44. The allegations contained in Paragraph 44 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations, including MPM's entitlement to the relief sought.

**COUNT VI—RESTITUTION**

45. UCC incorporates by reference herein its responses to Paragraphs 1 through 45 of the Complaint.

46. The allegations contained in Paragraph 46 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

47. The allegations contained in Paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

48. To the extent the allegations in Paragraph 48 relate to actions taken by MPM, UCC is without knowledge or information sufficient to form a belief as to their truth, and

therefore denies them. The remaining allegations contained in Paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

49. UCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore denies them.

50. The allegations contained in Paragraph 50 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

51. The allegations contained in Paragraph 51 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

52. The allegations contained in Paragraph 52 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations, including MPM's entitlement to the relief sought.

**COUNT VII—DECLARATORY JUDGMENT AS TO RESTITUTION**

53. UCC incorporates by reference herein its responses to Paragraphs 1 through 52 of the Complaint.

54. The allegations contained in Paragraph 54 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

55. The allegations contained in Paragraph 55 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

56. UCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies them.

57. The allegations contained in Paragraph 57 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

58. The allegations contained in Paragraph 58 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations.

59. The allegations contained in Paragraph 59 are conclusions of law to which no response is required. To the extent a response is required, UCC denies these allegations, including MPM's entitlement to the relief sought.

**COUNT VIII—INDEMNITY AND/OR CONTRIBUTION**

Pursuant to the Court's Order dated March 18, 2013, Count VIII has been dismissed. Therefore, no response is required to Paragraphs 60-65 of the Complaint.

**COUNT IX—PRIVATE NUISANCE**

Pursuant to the Court's Order dated March 18, 2013, Count IX has been dismissed. Therefore, no response is required to Paragraphs 66-71 of the Complaint.

**JURY TRIAL DEMAND**

72. The allegations contained in the "JURY TRIAL DEMAND" are legal conclusions to which no response is required. UCC denies that MPM has any right to a jury trial because its common law claims are meritless, and should be dismissed.

**PRAYER FOR RELIEF**

The allegations contained in the "PRAYER FOR RELIEF" characterize the relief MPM seeks and are conclusions of law to which no response is required. To the extent that a response is required, UCC denies these allegations and denies that MPM is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

MPM's claims are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

MPM's claims are barred by the doctrines of laches, estoppel, unclean hands, and waiver.

### FOURTH AFFIRMATIVE DEFENSE

MPM's negligence, strict liability, and restitution claims are barred or diminished to the extent that they seek relief exclusively available pursuant to CERCLA.

### FIFTH AFFIRMATIVE DEFENSE

To the extent UCC has any liability under CERCLA, which UCC denies, such liability as between UCC and MPM is barred or diminished by virtue of MPM's status as a liable party under CERCLA.

### SIXTH AFFIRMATIVE DEFENSE

If any materials containing hazardous substances generated, owned, or possessed by UCC, or any person or entity for whom UCC may be liable, were disposed of at the Sistersville Site, such hazardous substances were not and are not responsible for or related to the release or threatened release of hazardous substances that has allegedly caused MPM to incur response costs.

**SEVENTH AFFIRMATIVE DEFENSE**

The actions or omissions of third parties over whom UCC had no control and with whom UCC had no contractual relationship were the sole cause of the release or threat of release of hazardous substances alleged by MPM, and UCC exercised due care in light of all relevant facts and circumstances, including the characteristics of such substances, and took precautions against foreseeable acts or omissions of third parties and the consequences that could foreseeably result from such actions or omissions. MPM's claims, therefore, are barred by Section 107(b) of CERCLA, 42 U.S.C. § 9607(b).

**EIGHTH AFFIRMATIVE DEFENSE**

UCC denies that it is liable for any claims relating to the Sistersville Site. In the event it is nonetheless found liable, UCC is entitled to an offset against liability on its part for the greatest of, and any combination of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the costs, damages, and expenses alleged in the Complaint; (2) any amounts stipulated or otherwise agreed to in any release, order, agreement, or covenant not to sue with any person or entity heretofore or hereafter for any of the costs, damages, or expenses alleged in the Complaint; (3) the equitable share of the liability of any person or entity; and/or (4) the equitable share for any person or entity that no longer exists, is defunct, or is dissolved or any share otherwise determined to be an "orphan share."

**NINTH AFFIRMATIVE DEFENSE**

MPM is barred from recovering those past costs incurred, or any future costs to be incurred, in responding to any alleged release or threatened release of hazardous substances at the Sistersville Site that were or are inconsistent with the National Contingency Plan, 40 C.F.R.

§ 300 *et seq.*, not necessary, not incurred in connection with the Sistersville Site, or otherwise improperly expended.

**TENTH AFFIRMATIVE DEFENSE**

MPM is barred from recovering any response costs it has incurred to the extent such costs are not "response costs" within the meaning of Section 107(a) of CERLA, 42 U.S.C. § 9607(a).

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that UCC has any liability in this matter, which UCC denies, UCC liability is limited and not joint and several because there are distinct and/or divisible harms, MPM is itself responsible for CERCLA response costs at the Sistersville Site, and/or there is a reasonable basis for apportionment of the harms suffered at the Sistersville Site.

**TWELFTH AFFIRMATIVE DEFENSE**

The acts or omissions of others over which UCC had no control contributed to or proximately caused the alleged contamination and damages.

**THRITEENTH AFFIRMATIVE DEFENSE**

MPM failed to mitigate its damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

MPM's claims are barred in whole or in part because they include claims for future costs that are speculative and/or uncertain.

**FIFTEENTH AFFIRMATIVE DEFENSE**

MPM's claim for restitution is barred by its own culpability and conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

MPM's claims are limited and barred by its comparative and/or contributory negligence and its own acts and omissions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

MPM's claims are barred by its assumption of risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

MPM's claims are barred for failure to join necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that any third party has settled or may settle in the future with MPM, or otherwise has made or will make payments for costs asserted by MPM in this case, UCC asserts its entitlement to an appropriate credit or reduction of any judgment against it.

**TWENTIETH AFFIRMATIVE DEFENSE**

UCC hereby reserves the right to assert additional defenses that may be pertinent to MPM's claims when the precise nature of said claims is ascertained through discovery and based upon the facts developed as this matter progresses.

**COUNTERCLAIMS**

For its counterclaims herein, pursuant to Federal Rules of Civil Procedure 8 and 13, UCC hereby alleges as follows:

1. On December 30, 2011, Plaintiff MPM filed a Complaint against UCC asserting claims for cost recovery under CERCLA Section 107(a), 42 U.S.C. § 9607(a), contribution under

CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), and declaratory relief as to future costs under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), as well as common-law claims for negligence, strict liability, restitution, declaratory judgment as to restitution, indemnity and/or contribution, and private nuisance. MPM's claims arise out of the alleged releases of hazardous substances at the Sistersville Site.

2. On March 18, 2013, this Court dismissed MPM's CERCLA contribution claim (Count II of the Complaint), common-law indemnity and/or contribution claim (Count VIII), and private nuisance claim (Count IX).

3. UCC asserts these counterclaims, pursuant to Sections 113(f)(1) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(1), 9613(g)(2), and 28 U.S.C. § 2201, against MPM for contribution for any costs, damages, or other monetary relief adjudged against UCC should it be held liable to MPM in this action, which liability UCC denies, and for a declaration that MPM is liable for its equitable share of any response costs that may be incurred at the Sistersville Site in the future.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1331 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because MPM, a New York corporation, resides or may be found in this district. Moreover, by virtue of bringing this action, MPM has waived any venue objections to UCC's counterclaims.

**GENERAL ALLEGATIONS**

6. MPM, a New York corporation, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Upon information and belief, and according to Paragraph 1 of the Complaint, MPM currently owns and operates the Sistersville Site.

8. MPM asserts in Paragraph 22 of the Complaint that the Sistersville Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

9. In Paragraphs 1, 22, and 23 of the Complaint, MPM alleges that there has been a release or threatened release of hazardous substances at the Sistersville Site, which has caused and will in the future cause MPM to incur response costs consistent with the National Contingency Plan, 40 C.F.R. Part 300.

**FIRST CLAIM FOR RELIEF**

**CONTRIBUTION UNDER CERCLA § 113(f)(1)**

10. UCC realleges and incorporates by reference Paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part, that:

> (1) the owner and operator of . . . a facility . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for— . . .
>
> > (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan. . . .

12. Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides, in pertinent part:

> (1) Contribution
>
> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during

> or following any civil action . . . under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. . . .

13. MPM has brought this action, in part, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

14. Upon information and belief, MPM is an "owner" and "operator" of the Sistersville Site within the meaning of Sections 101(20) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(20), 9607(a).

15. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), MPM alleges that UCC is liable to MPM for unreimbursed response costs that MPM has incurred in response to a release or threatened release of hazardous substances at the Sistersville Site.

16. MPM is a liable person under CERCLA Section 107(a), 42 U.S.C. § 9607(a), as an owner or operator of the Sistersville Site. If UCC is found liable to MPM under CERCLA Section 107(a) in this action, which liability UCC denies, its liability should be limited to the extent the harm in question is divisible. If any liability assessed to UCC is joint and several, then, pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), UCC is entitled to contribution from MPM with respect to MPM's equitable share of the response costs it has incurred or will incur, including MPM's equitable share of any orphan or other third party share of the response costs.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF UNDER CERCLA § 113(g)(2) AND 28 U.S.C. § 2201

17. UCC realleges and incorporates by reference Paragraphs 1 through 16 of these counterclaims as if fully set forth herein.

18. MPM has alleged that it will continue to incur response costs in the future with respect to the alleged release of hazardous substances at the Sistersville Site.

19. An actual and justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between the parties in this action concerning their respective obligations and potential liability for alleged response costs already incurred and that may be incurred in the future as a result of the alleged release or threatened release of hazardous substances at the Sistersville Site.

20. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, UCC seeks a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action to recover further response costs or damages, including that MPM is liable for all or a portion of past, present, and future response costs or damages at the Sistersville Site.

**WHEREFORE**, UCC respectfully demands the following relief from the Court:

(1) Entry of judgment in favor of UCC dismissing MPM's claims in their entirety;

(2) If UCC is held liable for any response costs and/or damages incurred by MPM, entry of judgment in favor of UCC and against MPM for contribution pursuant to Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), holding MPM liable for its equitable share of the response costs or damages it has incurred;

(3) Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, entry of a declaratory judgment that MPM is liable for all or a portion of past, present, and future response costs or damages at the Sistersville Site;

(4) Attorney's fees, interest, and costs of suit incurred herein to the full extent authorized by law; and

(5) Any other relief the Court deems just and equitable.

Dated: April 1, 2013

Respectfully submitted,

BEVERIDGE & DIAMOND, P.C.

By: s/ Karl S. Bourdeau
Karl S. Bourdeau (Bar Roll No. 103740)
Harold L. Segall (Bar Roll No. 103741)
1350 I Street, N.W., Suite 700
Washington, DC 20005
Tel.: (202) 789-6000
Fax: (202) 789-6190
kbourdeau@bdlaw.com
hsegall@bdlaw.com

Megan R. Brillault (Bar Roll No. 511541)
477 Madison Avenue, 15th Floor
New York, NY 10022
Tel.: (212) 702-5400
Fax: (212) 702-5450
mbrillault@bdlaw.com

*Attorneys for Defendant*
*Union Carbide Corporation*