**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MPM SILICONES, LLC,<br>*Plaintiff,*<br>v.<br>UNION CARBIDE CORPORATION,<br>*Defendant.* | No. 1:11-CV-1542 BKS/ATB |

**UNION CARBIDE CORPORATION'S RESPONSES TO PLAINTIFF MPM SILICONES, LLC'S SECOND SET OF REQUESTS FOR ADMISSION DIRECTED TO DEFENDANT UNION CARBIDE CORPORATION**

Defendant Union Carbide Corporation ("UCC") hereby provides its objections and responses to the Second Set of Requests for Admission ("Requests") by Plaintiff MPM Silicones, LLC ("Plaintiff" or "MPM").

## GENERAL OBJECTIONS

UCC hereby makes the following General Objections to MPM's Requests, which are incorporated into each of its responses as if the General Objections were set forth in their entirety in each response. Any response or specific objection by UCC to any of MPM's Requests shall be subject to, and shall not be deemed a waiver of, these General Objections.

1. UCC has made a good faith effort to respond to MPM's Requests. UCC's discovery, investigation, and trial preparation are ongoing, and UCC responds based on its diligent investigation and information obtained to date. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, and variations from the present responses. Accordingly, UCC

reserves the right to amend or supplement its responses. Moreover, these responses are made without prejudice to UCC's right to refer to, produce, provide, or introduce at the time of motion or trial any and all evidence, witnesses, facts, contentions, information, or documents developed during the course of discovery, investigation, or trial preparation, notwithstanding the evidence, witnesses, facts, documents, contentions, information, or evidence expressly set forth in these responses.

2. UCC objects to any part of MPM's Definitions and Instructions that seeks to impose any obligations outside the scope of the Federal Rules of Civil Procedure. UCC reserves all objections and rights to which it is entitled under the Federal Rules of Civil Procedure.

3. UCC objects to the Requests to the extent they seek privileged or confidential information, including but not limited to information encompassed by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. UCC's responses are not intended to, nor should they be construed as, a waiver or relinquishment of any part of the protections afforded by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

4. UCC objects to all of MPM's Requests to the extent they imply the existence of facts or circumstances which do not or did not exist.

5. UCC objects to the definition of "Disposal" as overbroad, vague, and ambiguous because the definition includes "storage or treatment."

6. UCC objects to the definition of "Environmental Conditions" as overbroad, vague, and ambiguous because it refers to "potential" conditions, does not define "contaminant," and includes media not at issue in this case.

7. UCC objects to the definition of "UCC" as overbroad, unduly burdensome, and because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.

8. UCC reserves all objections as to the competency, relevance, materiality, privilege, or admissibility of these responses in this or any subsequent action.

**RESPONSES TO REQUESTS**

UCC responds to each of the Requests below, subject to and without waiving its General Objections above. Reference to any objection is not intended to limit the applicability of any other objection.

**REQUEST NO. 1:**

Admit that at some time between 1955 and 1993, PCBs were disposed of at the Site.

**RESPONSE TO REQUEST NO. 1:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST NO. 2:**

Admit that UCC owned or operated the Site at the time that PCBs were disposed of there.

**RESPONSE TO REQUEST NO. 2:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC admits that it owned or operated the Site, but responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to

enable it to admit or deny this Request with respect to whether PCBs were disposed of at the Site during the time UCC owned or operated the Site.

**REQUEST NO. 3:**

Admit that the Site is a "facility" within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

**RESPONSE TO REQUEST NO. 3:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request in that it seeks a legal conclusion and is not a matter within the scope of Rule 26(b)(l) of the Federal Rules of Civil Procedure.

**REQUEST NO. 4:**

Admit that the portion of the Site where PCBs are located in soils, sediments, or other media is a "facility" within the meaning of CERCLA § 107(a), 42 U.S.C. § 9607(a).

**RESPONSE TO REQUEST NO. 4:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request in that it seeks a legal conclusion and is not a matter within the scope of Rule 26(b)(l) of the Federal Rules of Civil Procedure.

**REQUEST NO. 5:**

Admit that, under CERCLA §§ 107(a), 42 U.S.C. § 9607(a), UCC is a person liable for necessary costs of responding to PCBs at the Site incurred by any other person consistent with the national contingency plan, as described at CERCLA § 197(a)(4)(B), subject only to the defenses set forth in CERCLA § 107(b).

**RESPONSE TO REQUEST NO. 5:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request in that it seeks a legal conclusion and is not a matter within the scope of Rule 26(b)(l) of the Federal Rules of Civil Procedure.

**REQUEST NO. 6:**

Admit that none of the defenses set forth in CERCLA § 107(b) applies to UCC with respect to PCBs disposed of at the Site.

**RESPONSE TO REQUEST NO. 6:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request in that it seeks a legal conclusion and is not a matter within the scope of Rule 26(b)(l) of the Federal Rules of Civil Procedure. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 7:**

Admit that at the time UCC was purchasing, using, storing, or disposing of PCBs at the Site, UCC (or UCC employees or officers) knew that it was purchasing, using, storing, or disposing of PCBs at the Site.

**RESPONSE TO REQUEST NO. 7:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it is vague and ambiguous. Subject to and without waiving those objects, UCC admits that there is documentary evidence of the purchase and use of PCBs at the

Site, which ended no later than sometime in or around 1972. In addition, UCC admits that it knew certain electrical equipment at the Site contained PCBs, but that electrical equipment containing PCBs of a concentration of 50 ppm or greater were removed from the Site as of July 26, 1991, with the exception of five transformers that were replaced in 1993. With respect to the remaining Request, UCC responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny it.

**REQUEST NO. 8:**

Admit that UCC did not dispose of any PCBs from the Site anywhere other than at the Site.

**RESPONSE TO REQUEST NO. 8:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 9:**

Admit that UCC has no document indicating off-site disposal of any PCBs that it brought to or used at the Site.

**RESPONSE TO REQUEST NO. 9:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 10:**

Admit that UCC has identified no individual with knowledge of off-site disposal of any PCBs that it brought to or used at the Site.

**RESPONSE TO REQUEST NO. 10:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it is vague and ambiguous. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 11:**

Admit that UCC disposed of PCBs or PCB-containing wastes directly into unlined pits, ponds, trenches, streams, or channels at the Site.

**RESPONSE TO REQUEST NO. 11:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST NO. 12:**

Admit that UCC's handling or disposal of PCB-containing wastes resulted in PCBs settling into or onto soils, clays, sediments, or other environmental media at the Site.

**RESPONSE TO REQUEST NO. 12:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC responds that it has made reasonable inquiry and that the

information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST NO. 13:**

Admit that UCC's handling of PCB-containing wastes resulted in PCBs being located in soils, sediments, or other environmental media at the Site.

**RESPONSE TO REQUEST NO. 13:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC admits that sampling results have indicated presence of PCBs in soils, sediments or other environmental media at the Site. UCC further responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the remaining portion of this Request.

**REQUEST NO. 14:**

Admit that PCBs disposed of at the Site by UCC would not degrade naturally in the time period since UCC's disposal.

**RESPONSE TO REQUEST NO. 14:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request as vague insofar as "degrade naturally" is not defined and in that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC responds that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny whether PCBs were disposed of at the Site by UCC.

**REQUEST NO. 15:**

Admit that UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, that it had used PCBs at the Site.

**RESPONSE TO REQUEST NO. 15:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 16:**

Admit that UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, that it had disposed of PCBs at the Site.

**RESPONSE TO REQUEST NO. 16:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 17:**

Admit that, after 1970, UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, that it had used PCBs at the Site.

**RESPONSE TO REQUEST NO. 17:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 18:**

Admit that, after 1970, UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, that it had disposed of PCBs at the Site.

**RESPONSE TO REQUEST NO. 18:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 19:**

Admit that UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, in writing that it had used PCBs at the Site.

**RESPONSE TO REQUEST NO. 19:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 20:**

Admit that UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, in writing that it had disposed of PCBs at the Site.

**RESPONSE TO REQUEST NO. 20:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 21:**

Admit that, after 1970, UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, in writing that it had used PCBs at the Site.

**RESPONSE TO REQUEST NO. 21:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 22:**

Admit that, after 1970, UCC never informed any regulator, including but not limited to the U.S. Environmental Protection Agency and the West Virginia Department of Environmental Protection, in writing that it had disposed of PCBs at the Site.

**RESPONSE TO REQUEST NO. 22:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 23:**

Admit that in 1987, in connection with a possible sale of the Site, UCC recognized that its disposal of PCBs at the site would be of probable concern to potential purchasers.

**RESPONSE TO REQUEST NO. 23:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 24:**

Admit that the document stamped UCC_005902 evidences the conclusion by UCC employees of [sic] officers that the possibility that PCBs had been disposed of at the site would be of probable concern to a purchaser.

**RESPONSE TO REQUEST NO. 24:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to the extent that the document speaks for itself. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 25:**

Admit that UCC did not inform "GE" of the possibility of PCBs having been disposed of at the Site in connection with the potential sale described in the document stamped UCC_005902.

**RESPONSE TO REQUEST NO. 25:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to the Request on the ground that "inform" is vague and not defined. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site and that UCC had any obligation to inform GE of anything. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 26:**

Admit that UCC decided not to disclose information about its use and disposal of PCBs at the Site to regulators or any regulatory body.

**RESPONSE TO REQUEST NO. 26:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 27:**

Admit that UCC decided not disclose information about its use and disposal of PCBs at the Site to prospective purchasers or subsequent owners of the Site.

**RESPONSE TO REQUEST NO. 27:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 28:**

Admit that by late 1970s or early 1980s, UCC was aware of its past disposal of PCBs at the Site.

**RESPONSE TO REQUEST NO. 28:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request on the ground that "aware" is vague and not defined. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC admits that it undertook an investigation into past historical waste disposal practices, including the potential disposal of PCBs at the Site but denies the remainder of the Request.

**REQUEST NO. 29:**

Admit that by the late 1970s or early 1980s, UCC was aware of the possibility that thousands of pounds of PCBs had been disposed of at the Site.

**RESPONSE TO REQUEST NO. 29:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request on the ground that "aware" is vague and not defined. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC admits that it undertook an investigation into past historical waste

disposal practices, including the potential disposal of PCBs at the Site and that it was concluded that the disposal of PCBs at the North Inactive Site was speculative. UCC denies the remainder of the Request.

**REQUEST NO. 30:**

Admit that at the time UCC sold the Site, it was aware that it had disposed of PCBs at the Site.

**RESPONSE TO REQUEST NO. 30:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request on the ground that "aware" is vague and not defined. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC admits that at the time UCC sold the Site in 1993, UCC had investigated historical waste disposal practices at the Site, including a 1992 memo concluding that the disposal of PCBs in the North Inactive Site was speculative. UCC further responds that upon information and belief, all such documents were provided or available to the purchaser prior to the sale of the Site. UCC also admits that certain samples taken from sediments in Sugar Camp Run and soil near the nitrogen unit contained low levels of PCBs and that it disclosed this information to the purchaser of the Site. UCC denies the remainder of the Request.

**REQUEST NO. 31:**

Admit that at the time UCC sold the Site, it was aware of the possibility that thousands of pounds of PCBs had been disposed of at the Site.

**RESPONSE TO REQUEST NO. 31:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request on the ground that "aware" is vague and not defined. UCC also objects to this Request on the grounds that it assumes that UCC disposed of PCBs at the Site. Subject to and without waiving these objections, UCC admits that at the time UCC sold the Site in 1993, UCC had investigated historical waste disposal practices at the Site, including a 1992 memo concluding that the disposal of PCBs in the North Inactive Site was speculative. UCC further responds that upon information and belief, all such documents were provided or available to the purchaser prior to the sale of the Site. UCC also admits that certain samples taken from sediments in Sugar Camp Run and soil near the nitrogen unit contained low levels of PCBs and that it disclosed this information to the purchaser of the Site. UCC denies the remainder of the Request.

**REQUEST NO. 32:**

Admit that UCC handled and disposed of known hazardous materials at the Site during its operations.

**RESPONSE TO REQUEST NO. 32:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that the term "hazardous materials" is vague and undefined. Subject to and without waiving these objections, UCC admits that it handled and disposed of certain known RCRA hazardous constituents and CERCLA hazardous substances in waste management units at the Site.

**REQUEST NO. 33:**

Admit that, during its operations at the Site, UCC knew that materials handled and disposed of at the Site needed to be handled with care and caution in order to safeguard human health and the environment.

**RESPONSE TO REQUEST NO. 33:**

UCC incorporates its General Objections as if set forth fully herein. UCC further objects to this Request on the grounds that it is vague and ambiguous, as "materials", "care" and "caution" are vague, overbroad and undefined. Subject to and without waiving these objections, UCC admits that it knew that certain materials at the Site needed to be handled with care and caution in order to safeguard human health and the environment.

**REQUEST NO. 34:**

Admit that but for UCC's disposal of PCBs at the Site, there would be no need to respond to the presence of PCBs at the Site, including but not limited to investigating the location of PCB contamination and remediating or disposing of contaminated media such as soils.

**RESPONSE TO REQUEST NO. 34:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC responds that it is unable to admit or deny this Request because it assumes UCC disposed of PCBs at the Site and that there is a need to respond to the presence of PCBs at the Site.

**REQUEST NO. 35:**

Admit that MPM did not know that UCC had disposed of PCBs at the Site when MPM acquired the Site in 2003.

**RESPONSE TO REQUEST NO. 35:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC responds that it is unable to admit or deny this Request as it assumes UCC disposed of PCBs at the Site and the Request makes assumptions about what MPM did not know.

**REQUEST NO. 36:**

Admit that MPM did not know that UCC had disposed of PCBs at the Site until after 2008.

**RESPONSE TO REQUEST NO. 36:**

UCC incorporates its General Objections as if set forth fully herein. Subject to and without waiving these objections, UCC denies that MPM was unaware of the presence of PCBs at the Site until after 2008. UCC responds that it is unable to admit or deny the remaining portion of the Request as it assumes UCC disposed of PCBs at the Site and the Request seeks for UCC to confirm MPM's knowledge.

**REQUEST NO. 37:**

Admit that regulators have asked UCC to respond to the presence of PCB's at the Site.

**RESPONSE TO REQUEST NO. 37:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that the term "respond" is vague and undefined. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 38:**

Admit that regulators have asked whether UCC would be willing to respond to the presence of PCBs at the Site.

**RESPONSE TO REQUEST NO. 38:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that the term "respond" is vague and undefined. Subject to and without waiving these objections, UCC denies that regulators have asked UCC directly whether it would be willing to respond to the presence of PCBs at the Site but responds that it is unable to admit or deny the remainder of this Request.

**REQUEST NO. 39:**

Admit that UCC has declined to respond to the presence of PCBs at the Site, including when requested to do so by regulators.

**RESPONSE TO REQUEST NO. 39:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that the term "respond" is vague and undefined. UCC further objects to this Request on the grounds that it assumes that regulators have requested UCC to respond to the

present of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

**REQUEST NO. 40:**

Admit that UCC informed regulators that it was not willing to respond to the presence of PCBs at the Site.

**RESPONSE TO REQUEST NO. 40:**

UCC incorporates its General Objections as if set forth fully herein. UCC also objects to this Request on the grounds that the term "respond" is vague and undefined. UCC further objects to this Request on the grounds that it assumes that regulators have requested UCC to respond to the present of PCBs at the Site. Subject to and without waiving these objections, UCC denies this Request.

Dated: February 27, 2015

BEVERIDGE & DIAMOND, P.C.

By: s/ Karl S. Bourdeau
Karl S. Bourdeau (Bar Roll No. 103740)
Harold L. Segall (Bar Roll No. 103741)
1350 I Street, N.W., Suite 700
Washington, DC 20005
Tel.: (202) 789-6000
Fax: (202) 789-6190
kbourdeau@bdlaw.com
hsegall@bdlaw.com

Megan R. Brillault (Bar Roll No. 511541)
477 Madison Avenue, 15th Floor
New York, NY 10022
Tel.: (212) 702-5400
Fax: (212) 702-5450
mbrillault@bdlaw.com

*Attorneys for Defendant*
*Union Carbide Corporation*